**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 110830

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michael Mazzara,<br><br>Plaintiff,<br><br>vs.<br><br>Mullen & Iannarone, P.C. and First Financial Asset Mgmt, Inc.,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Michael Mazzara (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Mullen & Iannarone, P.C. and First Financial Asset Mgmt, Inc. (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Michael Mazzara is an individual who is a citizen of the State of New York in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Mullen & Iannarone, P.C., is a New York Professional Corporation with a principal place of business in Suffolk County, New York.

8. On information and belief, Defendant First Financial Asset Mgmt, Inc., is a Georgia Corporation with a principal place of business in Gwinnett County, Georgia.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes certain debts ("the debts").

12. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debts Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debts were assigned or otherwise transferred to Defendants for collection.

15. In its efforts to collect the debt, Defendant Mullen & Iannarone, P.C. contacted Plaintiff by letter dated February 16, 2016. (**Exhibit 1.**)

16. In its efforts to collect the debt, Defendant First Financial Asset Mgmt, Inc. contacted Plaintiff by letter dated March 15, 2016. (**Exhibit 1.**)

17. The letters were the initial communications Plaintiff received from Defendants.

18. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g and § 1692e**
**AS TO DEFENDANT MULLEN & IANNARONE, P.C.**

19. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

20. 15 U.S.C. § 1692g(a)(3) requires that a validation notice specifically include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector.*" (Emphasis added.)

21. Defendant's letter states, "Unless within thirty (30) days of receipt of this letter you dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid."

22. 15 U.S.C. § 1692g(c) provides that the failure of a consumer to dispute the validity of a debt may not be construed by any court as an admission of liability by the consumer.

23. The absence of the term "by the debt collector" in Defendant's letter implies that the debt will assumed to be valid generally.

24. The Defendant's letter implies that the debt will assumed to be valid generally, when is actuality only Defendant and the creditor may assume the debt is valid pursuant to the FDCPA.

25. The absence of the term "by the debt collector" in Defendant's letter implies that the debt will assumed to be valid by a court, credit reporting agency, or other entity of authority.

26. The Defendant's letter implies that the debt will assumed to be valid by a court, credit reporting agency, or other entity of authority, when is actuality only Defendant and the creditor may assume the debt is valid pursuant to the FDCPA.

27. Defendant's letter is contrary to 15 U.S.C. § 1692g(c). *Diaz v. Residential Credit Sols., Inc.*, 965 F. Supp. 2d 249, 259 (E.D.N.Y. 2013)

28. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

29. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

30. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

32. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

33. The letter could reasonably be read by the least sophisticated consumer to imply that the debt will assumed to be valid by a court, credit reporting agency, or other entity of authority, when is actuality only Defendant and the creditor may assume the debt is valid pursuant to the FDCPA

34. The letter violates 15 U.S.C. § 1692e.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**
**AS TO DEFENDANT FIRST FINANCIAL ASSET MGMT, INC.**

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

38. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

39. Plaintiff's debt was incurred on a credit card issued by HSBC.

40. The credit card accrued interest.

41. The credit card accrued late fees.

42. The letter sets forth a "Account Balance."

43. The letter fails to disclose whether the "Account Balance" may increase due to additional interest.

44. The letter fails to disclose whether the "Account Balance" may increase due to additional late fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

45. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

46. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

47. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

48. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Account Balance" at any time after receipt of the letter.

49. The least sophisticated consumer could also reasonably believe that the "Account Balance" was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

50. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

51. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

52. For these reasons, Defendant failed to clearly state the amount of the debt.

53. For these reasons, Defendant failed to unambiguously state the amount of the debt.

54. For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

55. For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

56. Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**THIRD COUNT**
Violation of 15 U.S.C. § 1692e
False or Misleading Representations
**AS TO DEFENDANT FIRST FINANCIAL ASSET MGMT, INC.**

57. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

58. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

60. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

61. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

62. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

63. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

64. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Account Balance" was static.

65. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Account Balance" was dynamic due to the continued accumulation of interest and/or late fees.

66. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

67. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

68. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FOURTH COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations
## AS TO DEFENDANT FIRST FINANCIAL ASSET MGMT, INC.

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

71. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

72. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may belawfully received by any debt collector for the collection of a debt.

73. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action thatcannot legally be taken or that is not intended to be taken."

74. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representationor deceptive means to collect or attempt to collect any debt."

75. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

76. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

77. The letter states "The total amount of non-interest charges accrued since charge-off."

78. The "The total amount of non-interest charges accrued since charge-off" are listed as "$0.0000."

79. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

80. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

81. Although the "The total amount of non-interest charges accrued since charge-off" are listed as "$0.0000," the letter could reasonably be read by the least sophisticated consumer to mean that there could be "non-interest charges" added to the debt in the future.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

82. The letter could reasonably be read by the least sophisticated consumer to imply that there could be "non-interest charges" added to the debt in the future.

83. The letter falsely implies that Defendant has the right to add "non-interest charges" to the debt.

84. Defendant has no legal basis to add "non-interest charges" to the debt.

85. The letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

86. The letter falsely implies that Defendant has the right to add a fee to the debt.

87. Defendant has no legal basis to add a fee to the debt.

88. Defendant's conduct, as described, violates § 1692e and § 1692f.

## JURY DEMAND

89. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant Mullen & Iannarone, P.C. in favor of Plaintiff pursuant to 15 U.S.C. § 1692k; and

b. Statutory damages of $1,000.00 against Defendant First Financial Asset Mgmt, Inc. in favor of Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's actual damages; and

d. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

e. Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: October 6, 2016

          **BARSHAY SANDERS, PLLC**

          By: *s/ Craig B. Sanders*
          Craig B. Sanders, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 110830

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530